IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL KENNEDY, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 1:09-CV-2295-WSD |
| v. | ) |
| | ) |
| CAMPBELL SOUP COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S INITIAL DISCLOSURES**

COMES NOW Defendant Campbell Soup Company ("Campbell"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.1, hereby serves its Initial Disclosures.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant is inaccurately named in the pleadings as "Campbell Soup Company, Inc." Defendant is properly named "Campbell Soup Company". Defendant will accept service of an amended summons and complaint reflecting this information.

**(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant is unaware of any necessary parties who have not been named by Plaintiff at this time.  However, Defendant reserves the right to supplement this response should the identity of such person be revealed through discovery or otherwise.

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant denies that its product was defective and denies that Plaintiff was injured by its product in any way. Defendant previously inspected the can of soup that Plaintiff alleges caused her injury and found that it was not defective.

Defendant affirmatively asserts that Plaintiff's claims are barred by the applicable statute of limitations. Defendant filed a motion for summary judgment with this Court on October 28, 2009 on the basis that Plaintiff's claims are time-barred as a matter of law.

Plaintiff alleges that on May 29, 2007 she became ill after consuming a can of Campbell's cream of asparagus soup. Plaintiff filed the present suit in this Court on August 21, 2009--more than two years after Plaintiff allegedly sustained her

injuries. Thus, her suit is barred on its face by the applicable two-year statute of limitations.

Plaintiff previously filed suit against Campbell, alleging the same facts she alleges in the instant action, in the Superior Court of Fulton County, Georgia on May 28, 2009, just one day shy of two years from the date she was allegedly injured by Campbell's product. After Plaintiff delayed in serving Campbell, her case was placed on the Superior Court's No Service/Default Judgment Calendar for lack of service on Defendant. When Plaintiff failed to appear at the call of the Calendar as directed, the Superior Court dismissed her case on July 10, 2009, for failure to prosecute. Thus, Plaintiff's original suit was void, and she was not entitled to take advantage of Georgia's renewal statute to refile her suit in federal court after the expiration of the statutory limitations period.

**(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendant states that general principles of Georgia product liability and personal injury law are applicable to Plaintiff's claims. Defendant also states that O.C.G.A. § 9-3-33, the two-year statute of limitations applicable to personal injury actions, bars Plaintiff's claims, and that Defendant is accordingly entitled to summary judgment under Fed. R. Civ. P. 56(c). Plaintiff's original suit was void,

and she was not entitled to take advantage of Georgia's renewal statute, O.C.G.A. § 9-2-61, under the principles stated in *Tate v. Coastal Utilities*, 247 Ga. App. 738 (2001).

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

See Attachment B.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C.

**(8)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Campbell does not contend that it has been damaged at this time.

**(9)  If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Campbell is unaware of the identity of any such persons at this time.

**(10)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Campbell is covered for this loss under a Self-Insured Retention program up to $1,000,000.00.  This account is handled through Travelers' TPA: Constitution State Services. A copy of the relevant contract is not presently available to Campbell.

Respectfully submitted this 16th day of November, 2009.

*/s/ Taylor Tapley Daly*
Taylor Tapley Daly
Georgia Bar No. 697887
Taylor.daly@nelsonmullins.com

5

                M. Maran White
                Georgia Bar No. 558202
                maran.white@nelsonmullins.com
                NELSON MULLINS RILEY &
                SCARBOROUGH LLP
                Atlantic Station
                201 17th Street, NW / Suite 1700
                Atlanta GA 30363
                PH: (404) 322-6000
                FX: (404) 322-6050
                ***Attorneys for Campbell Soup Company***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CRYSTAL KENNEDY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. 1:09-CV-2295-WSD |
| v. ) | |
| ) | |
| CAMPBELL SOUP COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 16th day of November, 2009 filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

>Wanda S. Jackson, Esq.
>3800 Camp Creek Parkway
>Bldg 1200 Ste 150
>Atlanta  GA  30331

>*/s/ Taylor Tapley Daly*
>Taylor Tapley Daly
>Georgia Bar No. 697887
>Taylor.daly@nelsonmullins.com
>***Attorneys for Campbell Soup Company***

## ATTACHMENT "A"

Individuals with discoverable information:

1) Those witnesses identified in Plaintiff's initial disclosures.

Defendant states that because Defendant has requested a stay of discovery pending the Court's ruling on its motion for summary judgment, Defendant's response is preliminary in nature. Defendant will supplement its disclosures as more information becomes available.

## ATTACHMENT "B"

Defendant has not yet retained any expert witness.  Defendant will supplement this disclosure at the appropriate time.

## ATTACHMENT "C"

Documents which support claims or defenses:

    1)    Any documents listed or provided by Plaintiff

Defendant states that because Defendant has requested a stay of discovery pending the Court's ruling on its motion for summary judgment, Defendant's response is preliminary in nature. Defendant will supplement its disclosures as more information becomes available.