# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL KENNEDY, | : |
|     PLAINTIFF, | : |
| | : |
| | : CIVIL ACTION |
| V. | : FILE NO.: 1:09-CV-2295-WSD |
| | : |
| CAMPBELL SOUP COMPANY, INC. | : |
|     DEFENDANT. | : |

## **PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S**

## **MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Crystal Kennedy, and files this, her response to Defendant's motion for summary judgment, and shows to the Court that there are material issues of fact to be adjudicated and that Defendant is not entitled to judgment in its favor as a matter of law.

Defendant's motion for summary judgment contends the Plaintiff's claim is time barred as a matter of law.  Plaintiff shows, as a matter of law, her claim is not time barred and in filing her response, Plaintiff relies on the following;

1. Brief in Support of Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment;
2. Plaintiff's Statement of Material Facts as to Which There is a Genuine Issue to be Tried and Response To Defendant's Statement of Material Facts as to Which There is no Genuine Issue to be Tried;
3. Superior Court Complaint, (Exhibit A);
4. Proof of Service of Process, Summons from Superior Court, (Exhibit B);
5. Superior Court Order, (Exhibit C);
6. Proof of Service of Process, Summons from Federal Court, (Exhibit D)
7. Affidavit of Crystal Kennedy; and
8. All pleadings filed in this case.

This 17th day of November, 2009.

/s/ Wanda S. Jackson, Esq.
GA BAR NO.:  387955
Attorney for Plaintiff
3800 Camp Creek Parkway, Bld 1200, Ste 150
Atlanta, GA  30331
(404) 344-4421
Email: wandasjackson@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL KENNEDY, | : |
|    PLAINTIFF, | : |
| | : CIVIL ACTION |
| V. | : FILE NO.: 1:09-CV-2295-WSD |
| CAMPBELL SOUP COMPANY, INC. | : |
|    DEFENDANT. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17th, 2009, I electronically filed Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Taylor Tapley Daly
M. Maran White

                                            /s/Wanda S. Jackson
                                            GA BAR NO.: 387955
                                            Attorney for Plaintiff

Wanda S. Jackson, P.C.
3800 Camp Creek Pkwy
Bldg 1200, Ste 150
Atlanta, GA  30330
(404)-344-4421
wandasjackson@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL KENNEDY, | : |
|     PLAINTIFF, | : |
| | : |
| | : CIVIL ACTION |
| V. | : FILE NO.: 1:09-CV-2295-WSD |
| | : |
| CAMPBELL SOUP COMPANY, INC. | : |
|     DEFENDANT. | : |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**

**IN OPPOSITION TO DEFENDANT'S MOTION FOR**

**SUMMARY JUDGMENT**

Plaintiff contends her claim for personal injury based on her consumption of Defendant's soup product is not, as a matter of law, barred by the applicable statute of limitations.

## **Statement of Material Facts**

On May 29, 2007, Plaintiff consumed a can of soup processed, canned and sold by the Defendant.  Within hours, Plaintiff became ill.  Plaintiff remained ill and on June 2, 2007, sought emergency medical treatment and was diagnosed with food poisoning.

On May 28, 2009, Plaintiff, acting Pro Se, filed a complaint based substantively on the same set of facts herein, in the Superior Court of Fulton County.  Plaintiff exercised due diligence and served Defendant Corporation on June 23, 2009.  (Affidavit of Crystal Kennedy)(Exhibit B).

The matter was placed on the Superior Court's July 9, 2009, No Service/Default Judgment Calendar for lack of service on the Defendant.   The calendar was noticed in the official legal organ for the county of Fulton. Notwithstanding the fact that the Defendant had been properly served through its registered agent, through inadvertence the Plaintiff failed to appear at the call of the Superior Court's calendar.  Id.  The Court, sua sponte, dismissed Plaintiff's case without prejudice pursuant to O.C.G.A. §9-11-41(b).  (Exhibit C).

On August 21, 2009, the Plaintiff re-filed her Complaint here in the Northern District Court availing herself the State court's renewal statute, O.C.G.A.

§9-2- 61. On September 30, 2009, Plaintiff properly served Defendant through its registered agent. (Exhibit D).

## Argument and Citation of Authority

The renewal statute provides, inter alia, that any case commenced in a state court within the applicable statute of limitations, and the Plaintiff dismisses same, it may be recommenced in a federal court within six months after the dismissal. The renewal state also allows a case to be recommenced within six-months if the same is dismissed without prejudice for lack of subject matter jurisdiction.

The dismissal of actions in the state court is governed by O.C.G.A. § 9-11-4, et seq. The statute provides, inter alia, that a defendant may move to have a case involuntarily dismissed for failure to prosecute, and when done on that basis, does not operate as an adjudication on the merits, as was the case here.

In the case sub judice, while the Plaintiff did not dismiss her case as provided by the renewal statute, neither did the Defendant move for dismissal as provided by the statute governing dismissal of actions. In this case, the state court dismissed the Plaintiff's claim without prejudice, for failure to prosecute, based on her failure to answer the call of the calendar on July 9, 2009.

The state court did not dismiss Plaintiff's complaint based on lack of service.

The Defendant sites *Tate v. Coastal Utilities, Inc.* for the proposition that Plaintiff can not avail herself of the renewal statute because her original case was void as a result of an involuntary dismissal by the state court by reason of her failure to timely serve Campbell's. (Defendant's Memorandum of Law, pg 6) This proposition fails because the state court did not dismiss Plaintiff's complaint for failure to timely serve Campbell's; such a determination was never made. The decision was simply based on Plaintiff's failure to answer the call of the calendar, for failure to prosecute.

Plaintiff's claim was involuntarily dismissed by the state court without prejudice, and while on its face the statute allows refilling only where the plaintiff dismisses the original action, this Court has recognized that the "Georgia Courts have repeatedly held that the section "applies to involuntary as well as voluntary dismissals where the merits are not adjudicated." O'Neal v. Dekalb County, Ga., 667 F.Supp. 853, 858 (N.D. Ga 1987). In is well settled by state law that a dismissal by the trial court for want of prosecution is deemed a voluntary dismissal for purposes of O.C.G.A. § 9-2-61(a). White v. KFC National Management Co., 229 Ga.App. 73, 493 S.E.2d 244, (1997), Fowler v. Aetna Casualty & Surety Co., 159 Ga.App. 190, 192, (1981).

## Conclusion

Plaintiff's complaint is not time-barred as a matter of law. The Plaintiff filed her complaint within the two-year statute of limitations provided by state law. She perfected service on the Defendant prior to the case being dismissed by the state court for failure to prosecute. Such a dismissal does not operate as an adjudication on the merits. Plaintiff availed herself of the state court renewal statute and recommenced her action and perfected service within the six-month period permitted by the statute.

Wherefore, Plaintiff prays Defendant's motion be DENIED.

THIS 17TH DAY OF NOVEMBER, 2009.

        RESPECTFULLY SUBMITTED,

        /s/Wanda S. Jackson, Esq.
        GA BAR NO.:  387955
        wandasjackson@yahoo.com
        Attorney for Plaintiff

## CERTIFICATION

Counsel for Plaintiff hereby certifies that this brief has been prepared in Times New Roman 14 as approved by the court in LR 5.1B.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| CRYSTAL KENNEDY, | : |
|    PLAINTIFF, | : |
| | : |
| | : CIVIL ACTION |
| V. | : FILE NO.:  1:09-CV-2295-WSD |
| | : |
| CAMPBELL SOUP COMPANY, INC. | : |
|    DEFENDANT. | : |

**Plaintiff's Statement of Material Facts as to Which There is a Genuine Issue to be  Tried and Response To Defendant's Statement of Material Facts as to Which There is no Genuine Issue to be Tried**

Plaintiff contends there is a genuine issue to be tried as to the following;

1. Whether the state court dismissed Plaintiff's complaint for lack of service or lack of prosecution.

2. Whether the Plaintiff has perfected service in state court in accordance with the Federal Rule Of Civil Procedure 4(m).

Plaintiff responds to Defendant's statement of material facts as to which there is no genuine issue to be tried, in corresponding order as follows;

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. There is a genuine issue as to whether the state court was aware that Plaintiff had perfected service when it placed the case on the court's No Service/Default Judgment Calendar.  The Plaintiff perfected service prior to the date set for the calendar.  There is no evidence establishing when the calendar was established.

12. Admit.

13. Admit.

THIS 17TH DAY OF NOVEMBER, 2009.

RESPECTFULLY SUBMITTED,

/s/Wanda S. Jackson, Esq.
GA BAR NO.:  387955
Attorney for Plaintiff
3800 Camp Creek Pkwy
Bldg 1200, Ste 150
Atlanta, GA  30331
(404) 344-4421
wandasjackson@yahoo.com