IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CRYSTAL KENNEDY,**

              **Plaintiff,**

    **v.**                                      **1:09-cv-2295-WSD**

**CAMPBELL SOUP COMPANY, INC.,**

              **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Campbell Soup Company, Inc.'s ("Defendant" or "Campbell") Motion for Summary Judgment [4].

**I.    BACKGROUND**

Plaintiff brings this personal injury action against Campbell alleging that on May 29, 2007, she became ill after consuming a can of Campbell's cream of asparagus soup.  On June 2, 2007, allegedly still ill, Plaintiff went to the emergency room after discovering that the can of Campbell's soup she had consumed bore two different expiration dates—one of 1997 and one of 2007. Defendant's Statement of Material Facts ("DSMF") ¶¶ 2, 3.  At that time, Plaintiff was diagnosed with food poisoning.  Id. at ¶ 4.  On June 19, 2007, Plaintiff visited

the emergency room again and was prescribed antibiotics for digestive and gastrointestinal problems.  Id. at ¶ 5.

Plaintiff contacted Campbell in August or September 2007 regarding her alleged injury.  Id. at ¶ 6.  On February 26, 2008, Campbell provided Plaintiff with a consumer claim form, which Plaintiff completed and returned to Campbell.  Id. at ¶ 7.  In August 2008, Campbell requested that Plaintiff return the allegedly tainted can of soup to Campbell for testing.  Id. at ¶ 8.  In October, 2008, after performing testing on the soup can that Plaintiff had provided, Campbell notified Plaintiff that it had concluded that Campbell's product had not harmed Plaintiff.  Id. at ¶ 9.  Campbell denied Plaintiff's claim.  Id.

On May 28, 2009, Plaintiff, proceeding pro se, filed suit against Defendant in the Superior Court of Fulton County, Georgia, alleging the same facts that she alleges in this action.  Id. at ¶ 10.  Plaintiff appears to have served Campbell with a copy of the summons and complaint on June 23, 2009.  For reasons that are not clear, the case was placed on the Superior Court's No Service/Default Judgment Calendar for lack of service on Defendant, and Plaintiff was directed to appear in court on July 9, 2009.  Plaintiff failed to appear.  On July 10, 2009, the Superior Court dismissed Plaintiff's case for failure to prosecute.  Id. at ¶ 12.

On August 21, 2009, Plaintiff filed this action. Defendant moves for summary judgment, arguing that Plaintiff's claims are barred by the applicable statute of limitations.

## II.   DISCUSSION

### A.   Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Where the record tells two

different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (internal quotations omitted).

B.   Statute of Limitations

The parties agree that Georgia's two-year statute of limitations for personal injury actions applies.[1]  See O.C.G.A. § 9-3-33.  Plaintiff's claims accrued on May 29, 2007, the date she alleges she became ill as a result of consuming Defendant's product.  Compl. ¶ 1.  Plaintiff was thus required to file her lawsuit on or before May 29, 2009.  This action was not filed until August 21, 2009, and, according to Defendant, it is time-barred.

Plaintiff argues that the limitations period was tolled because she filed her state court action on May 28, 2009, one day before the period expired.  Plaintiff further argues that Georgia's renewal statute, O.C.G.A. § 9-2-61, permits her to re-file her claims in this Court within six (6) months after a timely-filed action is voluntarily dismissed.[2,3]  Because the state court action was dismissed on July 10, 2009, Plaintiff argues that she had until January 10, 2010, to file this action.

---

[1] This action is in federal court based on diversity jurisdiction.  Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), a federal court in a diversity action must apply the controlling substantive law of the state.  In Guaranty Trust Co. v. York, 326 U.S. 99 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions.  See also Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir. 1983).

[2] Section 9-2-61 of the Georgia Code provides: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be

Defendant argues that Plaintiff is not entitled to avail herself of the renewal statute.  Defendant contends that although Plaintiff filed her state court action on May 28, 2009, within the limitations period, filing an action alone is insufficient to toll the statute of limitations.  Ingram v. Grose, 180 Ga. App. 647, 647 (1986) ("The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case.") (quotation marks omitted).  Defendant further points to Georgia law that requires "where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible."  Walker v. Bord, 225 Ga. App. 242, 243 (1997) (citing Starr v.

---

recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ."  O.C.G.A. § 9-2-61(a).

[3] Georgia courts have held that the renewal statute "applies to involuntary as well as voluntary dismissals where the merits are not adjudicated."  O'Neal v. Dekalb County, Ga., 667 F. Supp. 853, 858 (N.D. Ga. 1987) (citing Fowler v. Aetna Casualty & Surety Co., 159 Ga. App. 190, 192 (1981)).  A dismissal by the trial court for want of prosecution is deemed a voluntary dismissal for purposes of O.C.G.A. § 9-2-61(a).  White v. KFC National Management Co., 229 Ga. App. 73, 74 (1997).

Wimbush, 201 Ga. App. 280, 281 (1991)); see also O.C.G.A. § 9-11-4(c).  If the plaintiff is "guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation."  Walker, 225 Ga. App. at 243.

Defendant argues that because Plaintiff did not effect service of process on Campbell until June 23, 2009, after the two-year limitations period had run and more than five (5) days after the action was filed, she must establish that she acted in a reasonable and diligent manner in serving Defendant.  Absent a showing of such diligence, Defendant argues, Plaintiff's state court action was void when it was dismissed, and therefore her lawsuit not subject to the renewal statute.  "The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases."  Tate v. Coastal Utilities, Inc., 247 Ga. App. 738, 739 (2001).  "If service was never perfected, then the original action is void, since the filing of a complaint without perfecting service does not constitute a pending suit."  Id. at 739-40.

    C.    Analysis

This issue for the Court is a fairly narrow one: whether Plaintiff acted diligently in attempting to serve Campbell in the state court case.

"The plaintiff has the burden of showing that due diligence was exercised. Ordinarily, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." Robinson v. Green, 228 Ga. App. 27, 28 (1997) (affirming finding of a lack of diligence where plaintiff did not consult readily available references such as county property records, postal authorities, sheriff or other law enforcement agencies, or voting registration officials to ascertain the location of defendant's and effect prompt service). "As the burden rests on the plaintiff to ensure diligent service, she must provide specific dates or details to show diligence and cannot rely on conclusory statements." Zeigler v. Hambrick, 257 Ga. App. 356, 357 (2002) (affirming a finding of a lack of diligence where plaintiff failed to provide any evidence that she took any steps to ensure that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server).

Plaintiff submits an affidavit stating that she obtained a summons for service on Campbell on May 28, 2009. Pl.'s Aff. ¶ 2. Plaintiff states she sought to determine Campbell's registered agent by placing several phone calls to Defendant's Claims & Consumer Analyst, John Glynn, who she claims never

8

returned her calls.  Id. at ¶¶ 3-6.  Plaintiff states that she contacted the New Jersey Secretary of State and obtained from them contact information for Defendant's registered agent.  Id. at ¶ 7.  Plaintiff finally states that on or about June 21, 2009, she sent the summons and complaint by Federal Express to the Sheriff of Mercer County, New Jersey, and that Campbell was served on June 23, 2009.  Id. at ¶¶ 8, 9.

Defendant argues that these facts are insufficient to establish that Plaintiff acted diligently in attempting to perfect service of process.  Defendant notes that Plaintiff fails to state when she received the agent's address from the New Jersey Secretary of State and that it could have been weeks prior to the time she actually sent the summons and complaint to the sheriff for service.

The record before the Court does not provide the detail necessary for the Court to make a final determination whether Plaintiff was diligent in effectuating service on Defendant.  Defendant, of course, is a well-known company that has been headquartered in New Jersey for decades.  Here, Plaintiff knew she barely fell within the limitations period when she first filed her action in state court.  Certainly, Plaintiff knew time was of the essence.  The record here suggests she may not have diligently sought to serve this well-known corporate defendant and, indeed, the pace at which she moved appears leisurely.  The Court, however, will

allow Plaintiff the opportunity to explain fully her efforts between May 28 and June 21, 2009, to effect service.  Specifically, the Court seeks information about when Plaintiff called Mr. Glynn, evidence to corroborate these calls were made, including an affidavit from Mr. Glynn or someone in his office acknowledging that the calls were made and when they were returned, if they were, and when Plaintiff contacted the New Jersey Secretary of State's office and determined the Defendant's registered agent.  This information should be submitted, under oath, on or before January 15, 2010.  Defendant, if it has information that is germane to the service upon it, may submit such information to the Court also by January 15, 2010.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff and Defendant shall have up to and including January 15, 2010, to submit any additional information for the Court to consider on the issue of Plaintiff's efforts to effect service on Defendant in her state court action.

**SO ORDERED** this 31st day of December, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE