IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRYSTAL KENNEDY,

                Plaintiff,

   v.                                   1:09-cv-2295-WSD

CAMPBELL SOUP COMPANY, INC.,

                Defendant.

**ORDER**

This matter is before the Court on Plaintiff Crystal Kennedy's ("Plaintiff") Motion for Extension of Time to Submit Additional Information [15] and on Defendant Campbell Soup Company, Inc.'s ("Defendant" or "Campbell") Motion for Summary Judgment [4].

As detailed in its Order dated December 31, 2009, considering Defendant's motion for summary judgment, the Court determined that this action should be dismissed as time-barred absent evidence that Plaintiff had acted in a reasonable and diligent manner in serving Defendant in her state court action.[1]  To

---

[1] On May 28, 2009, Plaintiff filed suit against Defendant in the Superior Court of Fulton County, Georgia, alleging the same facts that she alleges in this action.  On July 10, 2009, the Superior Court dismissed Plaintiff's case for failure to prosecute.  Plaintiff may only avail herself of Georgia's renewal statute, O.C.G.A. § 9-2-61,

demonstrate such diligence, Plaintiff alleged that she sought to determine Campbell's registered agent by placing several phone calls to Defendant's Claims & Consumer Analyst, John Glynn, that she contacted the New Jersey Secretary of State and obtained from them contact information for Defendant's registered agent, and that Campbell was served on June 23, 2009.

In the Court's December 31, 2009 opinion, the Court noted that the pace at which Plaintiff sought to serve Defendant appeared leisurely.  The Court, however, reserved ruling on Defendant's motion for summary judgment, and allowed Plaintiff until January 15, 2010, to provide additional information regarding her efforts between May 28 and June 21, 2009, to effect service.  The Court specifically requested

> information about when Plaintiff called Mr. Glynn, evidence to corroborate these calls were made, including an affidavit from Mr. Glynn or someone in his office acknowledging that the calls were made and when they were returned, if they were, and when Plaintiff contacted the New Jersey Secretary of State's office and determined the Defendant's registered agent.

(Dec. 31, 2009, Order.)

---

and re-file her claims in this court if she acted diligently in serving Defendant in her state court action.  "The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases." Tate v. Coastal Utilities, Inc., 247 Ga. App. 738, 739 (2001).  "If service was never perfected, then the original action is void, since the filing of a complaint without perfecting service does not constitute a pending suit." Id. at 739-40.

On January 15, 2010, Plaintiff submitted a second affidavit providing further details regarding her efforts to determine Defendant's registered agent. Plaintiff also submitted her telephone records, but did not submit an affidavit from Mr. Glynn, or from anyone in Defendant's employ, corroborating Plaintiff's attempts to contact Defendant. Plaintiff moves for additional time to submit evidence of internet searches she allegedly conducted to determine Campbell's registered agent.

In opposing Plaintiff's motion for additional time, and renewing its motion for summary judgment, Defendant represents that counsel for Campbell contacted counsel for Plaintiff and indicated Campbell's willingness to produce Mr. Glynn for a telephone deposition. Defendant contends that despite this offer, and despite the Court's order requiring Plaintiff to produce an affidavit from Mr. Glynn or some other Campbell employee, counsel for Plaintiff never attempted to arrange an interview with Mr. Glynn. (Def. Resp. Br. 2.)

Taking Plaintiff's representations as true, the Court necessarily concludes that Plaintiff did not act diligently in serving Defendant in her state court action. Plaintiff's January 15, 2010, affidavit indicates that she called Campbell's legal department on May 28, 2009, and left a message. (Pl.'s Aff. ¶ 3.) Plaintiff did not attempt to contact the individual she believed to be Defendant's agent until June

10, 2009.  (Id. at ¶ 4.)  Plaintiff then waited until June 16, 2009, to determine Campbell's registered agent from the State of New Jersey.  (Id. at ¶¶ 7, 10, 11.)  Plaintiff contends she was conducting internet searches during these periods of apparent inactivity.  (Id. at ¶¶ 4, 7.)

Although Plaintiff obtained a summons on May 28, 2009, she did not determine Campbell's registered agent until June 17, 2009.  The affidavits Plaintiff submitted do not account for nineteen (19) days, and Plaintiff suggests that she spent this time attempting to find Defendant's registered agent on the internet.  Because Plaintiff filed her action in state court one (1) day before the statute of limitations ran, time for serving Defendant was of the essence.[2]  The Court cannot conclude that nineteen days searching for a well-known corporation's registered agent demonstrates reasonable diligence.  See Robinson v. Green, 228 Ga. App. 27, 28 (1997) (affirming finding of a lack of diligence where plaintiff did not consult readily available references such as county property records, postal authorities, sheriff or other law enforcement agencies, or voting registration officials to ascertain the location of defendants and effect prompt service).  Absent

---

[2] "[W]here an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible."  Walker v. Bord, 225 Ga. App. 242, 243 (1997) (citing Starr v. Wimbush, 201 Ga. App. 280, 281 (1991)); see also O.C.G.A. § 9-11-4(c).

such diligence, Plaintiff's state court action was void when dismissed, and Plaintiff may not re-file her claims pursuant to Georgia's renewal statute.  This action is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Campbell Soup Company, Inc.'s Motion for Summary Judgment [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Crystal Kennedy's Motion for Extension of Time to Submit Additional Information [15] is **DENIED**.

**SO ORDERED** this 19th day of January, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE